[L. A. No. 9181. Department Two.—February 17, 1928.]

THERESE BLEBOIS MOOG, Respondent, v. ALBERT MOOG, Appellant.

Earl E. Moss for Appellant.

Tipton & Cailor and Geo. B. Varnum for Respondent.

LANGDON, J.—This is an appeal by the defendant from that portion of a judgment which allows to plaintiff as alimony the sum of $50 a month until further order of the court. Defendant does not appeal from the portion of the judgment granting to plaintiff a decree of divorce nor from that portion which divides the community property between the parties; but it is contended that plaintiff and defendant have settled, by contract, their property rights, and that such agreement should be binding in the divorce action.

The facts found by the court are that in July, 1921, plaintiff commenced an action for separate maintenance against defendant, and shortly thereafter, on July 26, 1921, the parties met at the residence of defendant's sister and entered into a written agreement, by the terms of which defendant agreed to give and plaintiff agreed to accept "$50 per month as her separate support." Plaintiff also agreed to dismiss her action for separate maintenance, which she did. On April 8, 1924, plaintiff acknowledged receipt of "$600, being payment at the rate of $50 per month for one year in advance on property settlement agreement"; that since the date of the said receipt the defendant has paid to and for the benefit of plaintiff the sum of $1,205. The court further found that plaintiff was not induced to enter into the said agreement of July 26, 1921, through fraud or undue influence on the part of defendant or of any other person, and that payments made as set forth hereinabove were made by defendant and accepted by plain-

tiff as payments upon and under said contract of July 26, 1921.

In the present action the custody of the minor children was awarded to the defendant, and he was charged with their support.

The amount of alimony allowed by the court was the same amount mentioned in the contract between the parties, but the dispute arises because of the fact that the judgment was entered in January, 1926, and the plaintiff had received, under the findings, all payments due her under the contract until March, 1927. It is vigorously contended that as the court has found the parties entered into the contract relied upon by defendant, and that plaintiff was not induced by fraud or undue influence to enter into the same and has accepted the benefits thereof for six years, she should be bound by the same and the court should not nullify this agreement between the parties without requiring the plaintiff to return the money which she has received in advance payments.

With reference to ordinary contracts, the position of appellant is sound, undoubtedly; but in actions for divorce there is a very large discretion vested in the trial court in the allowance of permanent support for the wife, where she is granted a divorce, even in the face of contracts of settlement between the parties. Such contracts must be subjected to the examination of a court in the divorce action and derive their sanction from a decree made by the court with knowledge of all the facts. (*Loveren* v. *Loveren*, 106 Cal. 509 [39 Pac. 801]; *McCahan* v. *McCahan*, 47 Cal. App. 176 [290 Pac. 460]; *Roberts* v. *Roberts*, 83 Cal. App. 345 [256 Pac. 826].) The rule stated in Corpus Juris, volume 19, page 218, is to the effect that where provision has been made by the husband for the wife, by separation agreement, the wife is not entitled to temporary alimony, unless she offers to return what she has received or shows that the amount provided for in the agreement is not sufficient for her needs. The latter condition existed in the instant case. While the court found that the agreement was entered into without fraud or undue influence it, nevertheless, found that the plaintiff had become totally blind since it was entered into and had become afflicted with tuberculosis

and was in need of the services of a nurse, and that she was without means. It was this unfortunate condition, doubtless, which influenced the court in making the award of alimony in addition to what had already been received by plaintiff. Under the circumstances, we see no reason to interfere with the exercise of discretion vested in the trial court.

The judgment appealed from is affirmed.

Shenk, J., and Richards, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.