[Civ. No. 5036. Third Appellate District.—January 29, 1934.]

GERTRUDE MURIEL WALLACE, Respondent, v. ERNEST LeROY WALLACE, Appellant.

John A. Gilligan for Appellant.

Sherman & Sherman for Respondent.

PULLEN, P. J.—On October 31, 1930, respondent herein filed her complaint for divorce against appellant upon the ground of cruelty. In this complaint, among other things, she alleged "that plaintiff and defendant have entered into a property settlement agreement wherein and whereby they have made a division of all the community property belonging to them and said defendant has made provision for the payment of certain alimony to plaintiff.

"Wherefore plaintiff prays judgment; that the bonds of matrimony heretofore and now existing between plaintiff and defendant be dissolved and the said property settlement and agreement be approved in all its terms." Defendant having failed to answer this complaint, his default was duly entered; thereafter an interlocutory judgment of

divorce was granted, said decree containing the following provisions:

"It is further ordered, adjudged and decreed that defendant pay to plaintiff the sum of $170.00 forthwith, and the further sum of $155.00 on the first day of January, 1931, and a like sum of $155.00 on the first day of each and every month thereafter to and including the first day of April, 1932."

Introduced as an exhibit upon the hearing of the divorce was the property agreement entered into between the parties, which contains the following paragraph pertinent to the issues herein involved:

"Whereas, the parties hereto are husband and wife and are now living separate and apart and are desirous of entering into a contract dividing their community property interests and settling and determining their obligations toward each other from now on and henceforth;

"Now, therefore, it is mutually agreed between the parties as follows: . . .

"Second: That said first party does hereby grant, assign, sell, convey and transfer to said second party all of his right, title and interest in and to the following described real and personal property. . . .

"Third: That said second party does hereby grant, assign, sell, convey and transfer to the first party all of her right, title and interest in and to the following described personal property. . . .

"Fifth: The first party further agrees to pay to the second party the following sums:

"1. The sum of $250.00 cash, the receipt whereof is hereby acknowledged.

"2. The sum of $165.00 as second party's attorney's fees, the receipt whereof is hereby acknowledged.

"3. The sum of $170.00 on the first day of December, 1930.

"4. The sum of $155.00 on the first day of January, 1931, and a like sum of $155.00 on the first day of each and every month thereafter to and including the first day of April, 1932.

"Sixth: That each of the parties hereto receives the benefits of this contract under the covenants herein contained in full and complete satisfaction of any and all claims he

or she has or may have as a husband or wife of the other party hereto . . . , and each of the parties hereto accepts the benefits of this contract in full and complete satisfaction of all rights that he or she now have or may hereafter have to support or maintenance, alimony or attorney's fees or court costs from the other party, and each party does hereby release the other from any obligations of law or otherwise, to support or maintain the other, it being the intention of the parties hereto that this agreement shall be construed as and is a full and final settlement of all the property rights and obligations of the parties hereto.''

On December 23, 1931, a final decree of divorce was entered and docketed. On January 27, 1932, there was issued out of the superior court in which this action was pending, a petition whereby defendant sought an order of that court modifying the payments as set forth in the interlocutory and final decrees, for the reason that plaintiff had remarried, and that thereby such support as a matter of law, should cease. Upon the hearing of this order the court found as a fact, ''that said defendant had paid all the sums up to and not including the first day of January, 1932, and had paid none since that time; that said plaintiff did on the 30th day of December, 1931, marry one Israel J. Woloson, and she is now his wife; that a contract of property settlement was entered into by and between plaintiff and defendant on or about the 30th day of October, 1930, which contract was offered in and accepted in evidence at the trial of said action, and marked 'Plaintiff's Exhibit 3'; that said order to pay alimony in the sum of $155.00 per month to and including the first day of April, 1932, contained in and made a part of the interlocutory and final decrees of divorce was not in the nature of alimony but was and is the balance of the sums due plaintiff under said contract of property settlement.

''Therefore as conclusions of law based upon the above findings of fact the court concludes that the remarriage of plaintiff Gertrude Muriel Wallace does not invalidate the payment of the sums of money payable to her by reason of the contract of property settlement and the interlocutory decree of divorce, and that this court has no discretion in this matter of the order to show cause *in re* modification of alimony.''

From this order discharging the order to show cause defendant appeals. Two questions only are involved, the first being whether the order for the payment of certain sums of money as set forth in the interlocutory decree of divorce is an order for the payment of support or alimony or whether it is a portion of an agreement of property settlement; secondly, whether the remarriage of plaintiff after the entry of the final decree of divorce and while the order for the payment of support was still in effect, worked an estoppel of such order, which could be taken advantage of by the defendant.

Let us determine first the nature of the monthly payments, for if they are found to be a part of a property settlement entered into between the parties prior to the divorce it would be a complete answer to the present controversy.

That a husband and wife may alter their legal relations as to property is well established (sec. 159, Civ. Code), and apparently with that in view the parties hereto attempted to mutually adjust their respective claims to certain property. Regardless of any allegation in the complaint using the word "alimony", a reference to the property settlement agreement discloses they were attempting to effect a complete adjustment of their property and the benefits thereof were to be accepted in full satisfaction of support, maintenance or alimony. With that clause in the agreement it hardly seems probable that the allowance in the decree would have been by way of alimony, but rather as part of a property adjustment. This is further emphasized by the fact that the prayer of the complaint does not ask for alimony but merely that the property settlement agreement be approved, and by the further fact that the order of the court did not in form designate it as alimony and followed the agreement as to amounts and time of payment.

Appellant claims the property settlement cannot here be considered because it was not submitted to the trial court for approval nor included in the decree, and if not so included has no standing in the divorce proceedings, and the court has no jurisdiction to consider the agreement other than as an exhibit. In this appellant is in error. When the agreement was presented and received at the trial it became evidence in the case, and like any other evidence,

could be considered by the court. The case of *Ex parte Weiler*, 106 Cal. App. 485 [289 Pac. 645], seems to be a complete answer to this contention of appellant. ■ Furthermore, this agreement was before the court upon the order for modification, and upon that hearing the court made the findings given above, to the effect that the payments directed to be made were not in the nature of alimony but was the balance of the sums due plaintiff under said contract of property settlement. That being a definite finding upon the issue before the court, we are bound thereby. As the court said in *Atlass* v. *Atlass*, 112 Cal. App. 514 [297 Pac. 53, 54], "Had the court found the provisions for support to have been in fact by way of property settlement, then the said provisions could not have been disturbed. . . . " There was ample evidence to support the finding in the instant case and we must therefore accept the same as true.

It therefore appears that the installments to be paid were a part of a valid and binding property settlement and it therefore becomes unnecessary to consider the second point urged for reversal.

The order is affirmed.

Plummer, J., and Thompson, J., concurred.