[S. F. No. 15055. In Bank.—April 24, 1935.]

MARY MORAN, Respondent, v. EDWARD N. MORAN, Appellant.

Edward M. Leonard for Appellant.

Nicholas Barron for Respondent.

THE COURT.—This appeal has been taken from an order of the superior court purporting to modify a property settlement agreement. The facts are not in dispute and are as follows:

Plaintiff secured an interlocutory decree of divorce from defendant in 1929. The interlocutory decree incorporated a property settlement agreement. The final decree was se-

cured in 1932. Both decrees have long since become final. The property settlement agreement provided for a full settlement of all of the property rights of the parties, including the settlement of all claims for maintenance and support possessed by the wife against the husband. The agreement also disposed of a described life insurance policy on the life of the husband, it being provided that the four minor children of the parties should be named beneficiaries of such policy.

The agreement in this respect provided as follows:

"Further, that that certain policy of insurance on the life of the second party hereto, shall be continued in force, and said policy shall be retained by the said first party, but that the beneficiary of said policy may or shall be changed to the names of Margaret, Cecilia, Edward and Elinore Moran, the children of the parties hereto, and in the event of the demise of the said second party the rights and benefits thereunder shall inure to the said children, each of said parties hereto waiving any and all claims thereto, or to the said policy of insurance."

It is to be noted that the above provision is silent as to who shall pay the premiums on the above policy. In July of 1933 plaintiff filed an affidavit in the trial court in which it is stated that she has paid the premiums on the policy; that she is now unable to continue paying such premiums; that the policy has lapsed; that the lapsed policy has a cash value of $240. Plaintiff requested that defendant be compelled to join in releasing the cash value of the policy, the money to be for the "use and benefit of the minor children of the said parties, of whom affiant has the care, custody and control by virtue of the decree entered herein. . . . " The trial court issued its order to show cause and subsequently—after a hearing—entered the order here appealed from entitled "Amended Order of Court re Life Insurance Policy". This amended order provided that the plaintiff should surrender the policy to the insurance company, and ordered defendant to sign an application with the insurance company for the surrender of the policy, "which said surrender shall direct the Metropolitan Life Insurance Company to pay the proceeds of said policy to said Mary Moran". The amended order continued as follows:

"It is further ordered that the said proceeds of the said policy be and the same are hereby made payable to the plaintiff above named, Mary Moran, and to her alone, and that the defendant, Edward N. Moran, be and he is hereby forever foreclosed from asserting any claim whatsoever to the said proceeds of the said Metropolitan Life Insurance Policy."

It is the contention of appellant that by the above order, and particularly by the provision that the cash value of the policy shall be made "payable to the plaintiff above named, Mary Moran, and to her alone", the trial court has attempted to make an additional property award to the wife in contravention of the property settlement agreement.

It is now well settled that a property settlement agreement, incorporated in the interlocutory decree, cannot be modified by the trial court after the decree has become final. (*Armstrong* v. *Armstrong*, 132 Cal. App. 609 [23 Pac. (2d) 50]; *Wallace* v. *Wallace*, 136 Cal. App. 488 [29 Pac. (2d) 314]; *Atlass* v. *Atlass*, 112 Cal. App. 514 [297 Pac. 53]; *Cohen* v. *Cohen*, 150 Cal. 99 [88 Pac. 267, 11 Ann. Cas. 520]; *Ettlinger* v. *Ettlinger*, S. F. No. 14982, *ante*, p. 172 [44 Pac. (2d) 540], decided April 16, 1935.)

Respondent, while conceding the correctness of the above rule, contends that the amended order was proper under section 1430 of the Probate Code. That section provides:

"If a minor has no guardian of his estate, money belonging to the minor not exceeding the sum of two hundred fifty dollars may be paid to a parent of the minor entitled to the custody of the minor to hold for the minor, upon written assurance of such parent that the total estate of the minor does not exceed one thousand dollars in value; and the written receipt of such parent shall be an acquittance of the person making such payment."

It is respondent's contention that since under section 138 of the Civil Code the trial court, either before or after the final decree of divorce, has jurisdiction to make such orders for the support, care, maintenance and education of the minor children as may seem necessary or proper, it was proper under section 1430 of the Probate Code to provide that the $240 be paid to her for the benefit of the children. Respondent renounces any claim for the money on her own

behalf, but claims the same on behalf of the children. Respondent would undoubtedly be correct in her position if the proper jurisdictional facts necessary to bring section 1430 into operation were shown to exist. In the present case there are four children, all of whom are presumably equally entitled. The amount involved is but $240, well within the $250 limit fixed by the above-quoted section. But the section only applies where the minor has no guardian of his estate and where the parent entitled to custody gives written assurance that the total estate of the minor does not exceed one thousand dollars. Neither of these facts was shown by respondent to exist. In the absence of such a showing it was clearly error to make the money payable to respondent and "to her alone".

In view of the allegations in the affidavit that the money is desired for the use and benefit of the minor children it is obvious that the failure to make the required showing was due simply to inadvertence. There can be no reasonable doubt that upon this case being remanded to the trial court the proper showing will be made by respondent and the money involved paid to her for the use and benefit of the minor children. It is unfortunate that both parties should not have seen to it that the oversight was corrected in the trial court and thus saved the expenses of the appeal.

The order appealed from is reversed and the cause is remanded to the trial court for further proceedings in accordance with the views herein expressed. Both parties to bear their own costs on this appeal.