[Civ. No. 5336. Third Appellate District.—April 26, 1935.]

MARGARET W. HODGSON, Appellant, v. ROBERT W. HODGSON, Respondent.

Newby & Newby and Charles R. Newby for Appellant.

Hugh Ward Lutz for Respondent.

PULLEN, P. J.—Some time prior to the present controversy appellant and respondent were husband and wife. In 1929, and during their married life, they entered into a property settlement wherein it was provided, among other things, that appellant herein be granted the care and custody of their two minor children until they had attained the age of twenty-one years; it was also provided that she was the owner, as her separate estate, of a particular parcel of real property upon which was due certain payments which the husband agreed to pay as they fell due. It was also agreed therein that respondent herein would pay to appellant the sum of $150 per month, of which sum $80 was for her support and $35 for the support of each of the two minor children, together with other conditions not here necessary for our consideration.

Shortly after entering into this agreement an action for divorce was commenced by appellant against Robert W. Hodgson and upon his default an interlocutory decree was entered. In this decree "it is further ordered and adjudged that all of the terms of said contract dated January 10, 1929, a copy of which is herewith filed, with reference to the property therein described and the financial obligations therein assumed shall be binding upon plaintiff and defendant, the same as if specifically incorporated in this decree".

Thereafter a final decree of divorce was entered and the terms of the interlocutory decree incorporated therein by reference. Some two or three years later, the defendant moved for a modification of the interlocutory and final decrees in so far as the same made provision for alimony and the support of the minor children. The application was resisted but an order was made modifying the decrees and reducing the amount for support of plaintiff and her children from $150 per month to $135 per month.

An appeal was taken from that order, and the question as framed by respondent here is, "Has the Superior Court jurisdiction to modify an interlocutory and final decree of divorce insofar as the same make provision for

alimony and support of minor children, the final decree approving the provisions of the interlocutory decree, the latter referring to a property settlement entered into between the husband and wife and approving the same, such contract not being attached to the decree nor set out *in haec verba*, the provisions of the decree that were modified being substantially the same as is the property settlement agreement?''

In the recent case of *Ettlinger* v. *Ettlinger*, 3 Cal. (2d) 172 [44 Pac. (2d) 540], the Supreme Court, speaking through the Chief Justice, held ''that a husband and wife may contract with regard to their properties and their respective interests therein, and although not binding in the first instance on the court in which a divorce action is pending, such contract may be approved and confirmed by the court, and if appropriately referred to and adopted in its decree, such decree as to the matters covered by the agreement becomes immune from subsequent modification.''

It will be noted in the cited case that the interlocutory decree stated in several instances ''that pursuant to the aforesaid agreement'' certain provisions were made. Although such language is not found in the decree here before us, there is sufficient reference thereto to show that the agreement was before the court, and was sufficiently identified in the decree to show that the same was approved, confirmed and accepted by the court.

In the interlocutory decree we find the following reference to the property settlement: ''It further appearing to the court that the plaintiff and defendant entered into a contract dated January 10, 1929, by the terms of which their respective property rights, the custody of the two minor children of such parties, and the amount to be paid to the plaintiff by the defendant for the support of herself and her said two minor children were agreed upon, and it appearing to the court that said contract was and is reasonable, it is hereby approved. . . .

''It is further ordered and adjudged that the plaintiff is the owner, as her sole and separate estate, of the following described property . . . subject to the reservations, restrictions and encumbrances now existing upon said property and subject to any contingent rights created in favor of de-

fendant by the terms of said contract dated January 10, 1929.

"It is further ordered and adjudged that all of the terms of said contract dated January 10, 1929 (a copy of which is herewith filed), with reference to the property therein described and with the mutual obligations therein assumed shall be binding upon the plaintiff and defendant the same as if specifically incorporated in this decree."

These references in the interlocutory decree make a much stronger case than was presented in the case of *Wallace* v. *Wallace,* 136 Cal. App. 488 [29 Pac. (2d) 314], where a property settlement was offered in evidence but no reference thereto made in the decree; nevertheless this court there held that the instalments to be paid were a part of a valid and binding property settlement and were not subject to modification.

We are likewise of the opinion here that upon the authority of the case of *Ettlinger* v. *Ettlinger, supra,* the property settlement in the instant case, having been accepted and adopted by the trial court, and incorporated in the interlocutory decree became a binding settlement and is not subject to modification. What we have said relates only to the provisions of the agreement relating to alimony or support of the former wife,—no attempt was made to reduce the amount of the allowance for the support of the minors, and that issue is not before us.

The order is reversed.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1935.

Seawell, J., voted for a hearing.