[Civ. No. 5813. Third Appellate District.—April 27, 1938.]

A. K. WYLIE, Appellant, v. VIOLET O. WYLIE, Respondent.

A. K. Wylie, *in pro. per.*, Charles Lederer and Herbert P. Welch for Appellant.

Carter, Barrett, Finley & Carlton and Oliver J. Carter for Respondent.

THOMPSON, J.—This is an appeal from an order of court vacating a previous order which modified an award of alimony in a divorce proceeding. The alimony was allowed in accordance with an agreement settling property rights which was incorporated in the final decree of divorce. The order modifying the previous award of alimony was annulled on the theory that the court lacked jurisdiction to vary the terms of a contract settling property rights which was approved and became a part of the decree of divorce. But the contract for alimony was merely conditional.

The plaintiff and defendant were formerly husband and wife. Dissensions arose between them. A divorce was contemplated. With that in view, they executed a written

agreement settling their property rights. It disposed of all their property in a manner which is not here involved or criticized except with relation to one paragraph which provides for the payment of alimony in the following language:

"The said A. K. Wylie . . . will pay to Mrs. A. K. Wylie $60.00 per month until such time as she marries again or secures permanent employment and becomes and remains permanently self-supporting."

A complaint for divorce was subsequently filed by the plaintiff against his wife on the ground of wilful desertion. The defendant appeared by counsel and denied the material allegations of the complaint. The cause was tried by the court sitting without a jury. Findings were adopted by the court favorable to the plaintiff. The written agreement settling property rights, which was attached to the complaint as an exhibit thereof, was also approved by the court. An interlocutory decree of divorce was rendered in favor of the plaintiff. It also approved the agreement settling property rights, and distributed the property in accordance therewith. September 3, 1931, the final decree of divorce was entered. It incorporated in its provisions the agreement settling property rights, and recited that its provisions had been fully complied with to that date. The plaintiff fulfilled all the provisions of the agreement, paying to the defendant $60 per month, allowed as alimony, until May 5, 1935. On the last-mentioned date he filed in that court and cause a written notice of motion to modify and annul the provision of the contract and decree awarding the defendant $60 per month as alimony. An order was thereupon issued and served on the defendant to show cause at a specified time and place why that alimony clause should not be modified and annulled. The motion was heard by Judge Jamison on June 4, 1935, both parties being present in court, and adducing evidence in their own behalf. The court thereupon entered an order modifying the alimony clause above quoted by reducing the amount to be paid the defendant after July 1, 1935, to $30 per month. No appeal was taken from that order. Unless the court was without jurisdiction to make that order, it became final, subject only to future modification upon a proper showing of a change of conditions of the respective parties.

July 22, 1936, the defendant filed in that proceeding her motion to vacate the former order modifying the award of alimony on the ground that the court was without jurisdiction to make it. Upon citation for plaintiff to show cause, that motion was heard by another judge and granted. The court then ordered that the former order modifying the award of alimony be annulled. From this final order an appeal was perfected.

■ The only question presented on this appeal is whether, under the circumstances of this case, the court was without jurisdiction to modify the original award of alimony.

Since the contract settling property rights did not provide for a final, definite award of alimony, but, on the contrary, by its very terms, limited the requirement for the plaintiff to pay defendant $60 per month *until such time as she marries again or secures permanent employment,* the court unquestionably had jurisdiction to hear and determine a motion to modify or annul that order. Certainly, upon a showing that the defendant had remarried, or that she was self-supporting, under the express terms of the contract the award of alimony should be terminated. The language of the contract which was adopted by the court expressly confers jurisdiction to modify or annul it under specified circumstances. The contract for alimony was merely conditional. Since the court had jurisdiction to hear and determine a motion to modify or annul the award of alimony, the order which was regularly made upon proper proceedings therefor was erroneously set aside. The record discloses the fact that evidence was adduced by the respective parties on that motion to modify the award. This record fails to show what evidence was then submitted. It will not be controverted that if the evidence showed that the defendant had remarried, the court would have been authorized by the terms of the contract to terminate the allowance of alimony. If the evidence showed the defendant to be self-supporting, the court was authorized to cancel the allowance. If the court had the authority to cancel the award because the defendant had become self-supporting, it also had the power, under such circumstances, in its discretion, to modify it by reducing the payments one-half. ■ If the court abused its discretion by reducing the amount of alimony to be paid upon insufficient evidence, or an absence of testimony, that abuse could be reached only

upon appeal from the previous order. No such appeal was taken.

In the absence of a contract between the parties to the contrary, an order of court allowing alimony for the support of a wife may be modified. (Sec. 139, Civ. Code.)

█ It is true that where an innocent husband is awarded a decree of divorce which approves and adopts a previous written agreement settling property rights between them, and specifically providing for unconditional payments of alimony for the support of the wife, the court is without jurisdiction or authority to subsequently modify or annul the award contrary to the terms of the contract. (*Johnson* v. *Johnson*, 104 Cal. App. 283 [285 Pac. 902]; *Parker* v. *Parker*, 55 Cal. App. 458 [203 Pac. 420]; *Johnson* v. *Superior Court*, 128 Cal. App. 584 [17 Pac. (2d) 1055]; 2 Schouler on Marriage and Divorce, 6th ed., p. 1992, sec. 1829.) A court, however, is authorized to modify or annul an award of alimony to conform to the express terms of a contract between the parties which is approved and made a part of the decree of divorce. (*Wilder* v. *Wilder*, 214 Cal. 783 [7 Pac. (2d) 1032].) In the case last cited the wife was granted a decree of divorce and awarded an allowance of $160 per month for her support, in conformity with the provisions of a written agreement settling their property rights. That contract provided for the specific amount mentioned, subject to modification "by mutual consent of the parties or by a court of competent jurisdiction". On a subsequent motion, like the situation in the present case, the allowance was modified. On appeal in that case it was contended that "the trial court was bound fast by the particular provisions of paragraph 8 of the property settlement agreement". The Supreme Court said:

"This contention is based on the erroneous assumption that the cited paragraph of the contract between the parties is forever binding and obligatory upon them. This contention is clearly without merit, for the contract itself expressly provides, as indicated above, that a court of competent jurisdiction may modify the amount of the allowance therein fixed."

The only distinction between the preceding case and the one at bar is that the contract in the Wilder case specifically allowed alimony to the wife in the sum of $160 per month,

subject to modification "by mutual consent of the parties or by a court of competent jurisdiction". In the present case the contract allows alimony in the sum of $60 per month "until such time as she marries again or secures permanent employment". The contract in this case expressly authorizes a modification or cancellation of the award of alimony under those circumstances. The trial court therefore had jurisdiction and authority to hear and determine the motion to cancel or modify the award of alimony.

The order vacating and annulling the previous order modifying the award of alimony is reversed, and the court is directed to enter an order denying that motion.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 27, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1938. Seawell, J., and Curtis, J., voted for a hearing.