MURRAY INNES, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 92821. Promulgated June 18, 1940.

*Irve C. Boldman, Esq.,* and *Bertrand L. Comparet, Esq.,* for the
petitioner.

*E. A. Tonjes, Esq.,* for the respondent.

OPINION.

HILL: The question presented is whether under the facts the income of the trust was devoted to the discharge of a legal obligation of petitioner and therefore taxable to him.

Consideration of petitioner's contentions involves the questions: (1) The validity of that part of the decree of divorce providing for payment of alimony; (2) assuming such validity, whether the obligation thus created was fully extinguished by executed agreements *inter partes;* and (3) whether such agreements in themselves constituted a continuing obligation of petitioner to contribute to his former wife's support or constituted a complete discharge of such obligation.

Under the law of California, as elsewhere, the obligation of a husband to support his wife ceases when the marital relation is terminated by absolute divorce, unless otherwise provided in the decree of divorce or by agreement of the spouses.

On the basis of the stipulated facts that there was no service of summons on petitioner in the divorce action and no appearance by him or authorized appearance for him therein, petitioner contends that that part of the decree of divorce which provided for the payment of alimony was absolutely void for lack of jurisdiction and subject to collateral attack in this proceeding. He maintains that in all other respects the decree is valid. In other words, petitioner's contention is that the decree in question terminated the marriage relation but did not create an obligation of petitioner to contribute to the support of his former wife and that hence there existed no such obligation from and after the date of such decree. The respondent, on the other hand, says that if such decree was valid in part it was valid as to all of its terms and provisions and that the obligation imposed thereby on petitioner was being discharged by creation of the trust and the payment of the income thereof to petitioner's former wife. Respondent contends in the alternative that if such decree was void as to the provisions for the payment of alimony it was void *in toto;* that Katherine D. Innes, therefore, never ceased to be petitioner's wife and that under the law of California there was a continuing legal obligation on him to support her which was being discharged by the payment of the trust income to her.

The Superior Court of California is a court of general jurisdiction. Jurisdictional infirmity of a judgment of a court of general jurisdiction can not be exposed in a collateral proceeding by evidence exclusively outside of the judgment roll. If the judgment or the judgment roll did not disclose such infirmity, the judgment is binding until vacated in a proceeding for that purpose. "Where a court of general jurisdiction is required to exercise its powers upon facts proved before it, the proof is presumed to have been made, and such facts can not be collaterally attacked." 21 L. R. A. 854, Note (see cases cited).

No part of the judgment roll in the divorce action is in evidence herein, but, in view of the stipulated fact that an attorney appeared for petitioner in the divorce action, although without authority so to do, it is fair to assume in the absence of a showing to the contrary that the divorce decree or the judgment record contained recitals or entries of facts necessary for jurisdiction of the person of petitioner in that action, or at least that the judgment roll therein did not disclose absence of such jurisdictional facts. "The general doctrine as established by the cases is that the attorney appearing in any action or suit is presumed to have full authority to do so until the contrary is proved." *Williams* v. *Johnson*, 112 N. C. 424; L. R. A. 848, Note. "And such presumption exists in all collateral proceedings." *Osburn* v. *Bank of United States*, 22 U. S. 737, 828. Cases cited in the above "note" support the text "That in the case of a decree judgment ren-

dered against a party who has no notice of the action, never appeared therein nor submitted to the jurisdiction of the court, the courts hold the judgment to be conclusive and free from collateral attack *inter partes* upon all matters mentioned in the record, until reversed or set aside on a writ of error." Also "Where there is want of jurisdiction in a decree judgment, the attack may be either by direct application to the court itself or by way of appeal." "Note", *supra*. *McCahill* v. *Equitable Life Assurance Society of the United States*, 26 N. J. Eq. 531. "The decision of a court will not be incidentally impeached by extrinsic evidence showing that the record was false in regard to a material fact positively asserted, necessarily implied by it." "Note", *supra*, at page 854.

We have found nothing to indicate that the rule in California is different from that above stated. *Chaplin* v. *Superior Court*, 81 Cal. App. 367; 253 Pac. 954, is cited by petitioner to the point that a judgment *in personam* without jurisdiction of the person of the judgment debtor is void and subject to collateral attack in another proceeding. In that case the Supreme Court of California issued a writ of prohibition directed to the Superior Court enjoining the latter from enforcing a judgment for the payment of alimony, on the ground of the lack of jurisdiction of the person petitioning for the writ. Apparently the judgment record in that case either showed affirmatively lack of jurisdictional facts or that the judgment record failed to disclose facts upon which jurisdiction of the person of the defendant therein was based. As summarized in syllabus, the court held in that case that:

Defendant, who was not served and did not appear in divorce suit, may bring prohibition to obtain relief from order for payment of counsel fees and alimony, pending outcome, without making objection in court issuing order, since no preliminary objection is necessary where want of jurisdiction is apparent on the face of proceeding.

Under the state of the record and the facts in the instant proceeding we hold that petitioner can not in this proceeding impeach the validity in whole or in part of the judgment of the Superior Court of California in the divorce action and that for the purposes of this proceeding the judgment in question is in all respects valid and that the provision therein for the payment of alimony was an enforceable legal obligation of petitioner.

We have next for determination the question of whether the petitioner is taxable on the income during 1935 of the trust established in that year which was paid over to his wife for her support and maintenance. It results from our holding above that during the taxable year the divorce decree providing for the payment of $300 per month was valid and outstanding, representing a continuing obligation of the petitioner to pay out that amount. The effect on

that obligation of the agreement entered into by petitioner and his divorced wife in that year must be determined first under the applicable state law.

The following is provided in the California Civil Code:

SEC. 139. *Support of children and wife on divorce for husband's offense: Modification of orders: Remarriage of wife, effect.* Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.

*Remarriage.* Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support but such remarriage shall not affect his duty to provide for the maintenance of the children of his marriage.

The courts of California construing this statute have held that they are not bound in their allowance of alimony or any modification thereof by an agreement entered into by the parties fixing their obligations in this respect. In *Moog* v. *Moog*, 203 Cal. 406; 264 Pac. 490, the taxpayer and his wife had entered into an agreement in contemplation of divorce by which the wife had consented to accept alimony in a specified amount. The divorce court rejected the provisions of the contract and set the allowance for alimony at a greater sum than that agreed. On appeal from a judgment for the wife based on the amount allowed in the divorce decree the Appellate Court affirmed the judgment, even though the amount recovered in accordance with the decree exceeded that which the wife by contract had agreed to accept.

The case of *Smith* v. *Superior Court*, 89 Cal. App. 322; 264 Pac. 573, is particularly in point. There the husband and wife on the day of the granting of their decree of divorce, which fixed alimony at $100 per month, entered into an agreement by which the husband abandoned his plans for an appeal in return for his wife's relinquishment of her claims to alimony and support as provided in the decree. Approximately one year later, on October 21, 1927, the wife applied to the court for and received an increase to $175 per month of the alimony allowance. The wife instituted proceedings to enforce the increased alimony decree. The lower court adjudged the husband in contempt for his failure to make the payments required by the decree of October 21, 1927, notwithstanding the agreement reached on the day of the divorce. This judgment was affirmed by the Appellate Court, which said:

Agreements between the spouses relative to alimony or fixing by and between themselves the amount which the Court may allow are subject to the power of the Court, under sec. 139 of the Civil Code, to modify or wholly reject, as provided in said section [omitting citations].

See also *Roberts* v. *Roberts*, 83 Cal. App. 345; 256 Pac. 826; *Ex Parte Weiler*, 106 Cal. App. 485; 289 Pac. 645; *Ettlinger* v. *Ettlinger*, 3 Cal. (2d) 172; 44 Pac. (2d) 540.

From the holdings of these cases we draw the conclusion that the petitioner in the instant case could not by the agreement entered into with his wife in 1935 discharge in any final way his obligation to pay alimony, and this is so even though the wife agreed to consent to the entry of an order striking from the decree the provisions relative thereto. It yet remained within the power of the court to reject the agreement of the parties if it considered the arrangement unfair and to make any alterations in the decree which the changed conditions of the parties required. This power of the court in the instant case remained in force during 1935 and at least down to the entry of the order in 1937. Cf. *Ettlinger* v. *Ettlinger, supra.* In this guise the situation before us is controlled by *Helvering* v. *Fitch,* 309 U. S. 149, and *Helvering* v. *Leonard,* 310 U. S. 80. In each of those cases, under the applicable state law, it appeared that the court granting the divorce retained sufficient power to make later modifications in the decree and thereby to alter the obligation which the taxpayer sought to discharge by the establishment of a trust. The taxpayer did not meet his burden of proof to show otherwise. The taxation of the income of the trusts to the settlor-taxpayer was sustained in both cases on the ground that the establishment of the trust was not shown to discharge absolutely and irrevocably the obligation of the taxpayer to support his divorced wife and that the trust income therefore was applied to his continuing obligation. Cf. *Helvering* v. *Fuller,* 310 U. S. 69. We think that is the situation in the present case.

It appearing that under the law of California the Superior Court has the power to enforce the existing provisions of its decree in respect to alimony, *Moog* v. *Moog, supra,* or to modify such provisions notwithstanding the agreement of the parties, *Smith* v. *Superior Court, supra,* it must be held that the provisions of the trust agreement did not operate to discharge petitioner's obligation to pay alimony, but that such obligation continued until its termination by the modification of the decree in the year 1937. The trust, therefore, operated in the taxable year as an instrumentality in the performance of petitioner's continuing obligation to pay alimony, thus rendering the income thereof taxable to petitioner under the authorities hereinabove cited.

In *Helvering* v. *Leonard, supra,* the Supreme Court said:

In *Helvering* v. *Fitch,* supra, we stated that where the divorced husband desires to avoid the general rule expressed in *Douglas* v. *Willcuts,* supra, he carries a distinct burden of establishing not by mere inference and conjecture but by "clear and convincing proof" that local law and the alimony trust have given

him a full discharge. We do not think that respondent has sustained that burden.

We, therefore, hold that petitioner is taxable on the 1935 income of the trust in question.

*Decision will be entered for the respondent.*