[Civ. No. 12721. First Dist., Div. One. Dec. 1, 1944.]

MORGAN H. STREETER, Respondent, v. GERTRUDE DOROTHY STREETER, Appellant.

Anthony S. Devoto for Appellant.

Hyman & Hyman for Respondent.

WARD, J.—An appeal from an order modifying a final decree of divorce. The interlocutory decree, dated December 22, 1930, in favor of plaintiff husband was made and entered upon the ground of defendant wife's extreme cruelty, an agreement theretofore made between the parties being attached to, approved and made a part of the decree except that instead of following the provision in the agreement that the mother have the custody of the minor child of the parties, with certain privileges reserved to the father of visiting him, etc., the decree gave the parents joint custody of the child.

The agreement provided that the wife should be given the household furnishings, etc.; that the husband assume certain obligations for medical and surgical services rendered, for the balance due on the purchase of a radio and for an indebtedness to a furrier, and that he be given the family automobile. The husband agreed to pay his wife $75 a month "until twelve such payments shall have been made, whereupon said payments of $75 a month shall cease." He agreed to pay there-

after the sum of $35 a month "until the minor child of said parties . . . shall have attained the age of majority, namely, 21 years of age, whereupon said payments shall cease." The final decree was made and entered on December 31, 1931. With reference to the agreement and the custody of the child, the final decree follows the language of the interlocutory.

The original agreement was subsequently modified by two agreements in writing. The first, dated September 1, 1933, reduced the payment to be made to $25 a month; the second, dated May 1, 1934, referred to the first modification and provided for a further reduction to $20 a month. The modifications, as hereinafter appear, are important. The first provides: "That, whereas, on the 1st day of December, 1930 the parties hereto entered into an agreement providing for their respective property rights, rights of support and incidentally for the custody and support of their minor child . . . and it was therein provided that the second party hereto should pay the first party for the support *of said child* the sum of $35 per month on the first day of each and every month until said child reached the age of majority. . . ." The first modification further provides that: "Said second party agrees to pay said sum of $25 per month for the support *of said minor child* to the said first party. . . ." (Italics added.) The second modification referring specifically to the first provides for additional reduction.

A motion was made to modify the decree, on the hearing of which it was stipulated "that the minor child of the parties, Morgan H. Streeter, Jr., was inducted into the armed forces of the United States on July 30, 1943, and ever since has been and now is a member of the armed forces of the United States, and fully supported by same."

The court found that all payments provided for in the agreement falling due after November, 1931, "are for the support of the minor child of the parties" and that the support and maintenance of the child "is fully provided for by the United States of America." The modifying order further provided "that the said decree of divorce be and the same is modified and amended discontinuing any further payments by the plaintiff until such time as the said minor child is discharged from the armed forces of the United States of America and plaintiff is relieved from further payments for said period."

The validity of a property settlement between spouses

"must be determined in the light of the factual background of each case and considerations of public policy appropriate thereto." *(Hill v. Hill,* 23 Cal.2d 82, 93 [142 P.2d 417]. As regards the background, and the public policy appropriate thereto, in a case such as this, where the marital relations of the parties have been discontinued with no apparent hope of resumption and the property settlement and the agreement to pay a stated amount for the support of the child are merely incidental to a divorce, the state as a "quasi party" to the divorce proceeding is preeminently interested in the children.

██ A trial court is not permitted to modify an unqualified property settlement agreement, but must apply thereto the rules applicable to an ordinary judgment. In *Leupe v. Leupe,* 21 Cal.2d 145, 150 [130 P.2d 697], the court said: "An entirely different problem is presented with respect to the suggestion that the award of alimony made in the interlocutory decree was not subject to modification. The Civil Code specifically provides that the court may from time to time modify the award in accordance with the circumstances of the parties. (Civ. Code, § 139; *McClure v. McClure,* 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257].)" (See, also, *Moran v. Moran,* 3 Cal.2d 342 [44 P.2d 546]; *Ettlinger v. Ettlinger,* 3 Cal.2d 172 [44 P.2d 540]; *Dupont v. Dupont,* 4 Cal.2d 227 [48 P.2d 677].)

In *Puckett v. Puckett,* 21 Cal.2d 833 [136 P.2d 1], mainly relied upon by appellant herein, the wife, unlike the present case, was the innocent party. After the commencement of an action for divorce the parties entered into a property settlement agreement which provided that she was to receive $5,000, household furnishings, certain real property and a new automobile upon delivery to the husband "of the one she had." It was specifically provided that for the support and maintenance of the wife the husband should pay $250 a month; that (p. 836) " 'From and out of the said sum of . . . ($250.00) . . . per month reserved to be paid as aforesaid the wife promises and agrees that she will, without further demand upon the husband, support, educate and maintain the said minor child during her minority.' " The agreement was approved by the court as to form and contents and the gist and substance thereof were embraced in the decree. In that case the court said (pp. 839, 840): "The parents may contract with each other with respect to the custody and support

of their minor children. (Civ. Code, § 159 [and cases cited].) But inasmuch as the children's welfare is the factor of paramount concern, the children are not bound by the contract, and the law vests in the court power to provide for the custody and control of minor children. No such contract may, insofar as the children are concerned, abridge the power of the court in appropriate proceedings to provide for the support of the children by their parents or for their custody. Hence, a decree of divorce providing for the custody and support of a minor child may be modified as circumstances require, even though it is based upon an agreement or stipulation of the parties. (Civ. Code, sec. 138 [and cases cited].)''

'' . . . if there is a property settlement agreement providing as a part thereof for periodical payments to be made to the wife by the husband and the agreement is approved by the court and the payments ordered by the decree to be paid pursuant to the agreement, that order will not be subsequently modified, except by the consent of the parties. [Citing cases]''
The issue in the Puckett case was whether the agreement was a property settlement, a compliance with which had been ordered by the decree, or whether payments provided thereby were merely in the nature of alimony or payments to be paid for the support of the minor. The court there determined that the monthly payments to the wife for her support, and from which she agreed to care for the minor, were an inseparable part of the property settlement and therefore could not be modified. It was the court's view that under such circumstances it could not ''alter the limitation imposed'' but it was stated (p. 841): ''A different rule prevails of course with respect to the support of minor children.'' *(Harlan* v. *Harlan,* 154 Cal. 341 [98 P. 32] ; *McClure* v. *McClure,* 4 Cal. 2d 356 [49 P.2d 584, 100 A.L.R. 1257].)

There is a vast difference between a property settlement confined to the interests only of husband and wife, and an agreement wherein the rights or the support of a minor is involved. In the final analysis it is the decree in its entirety that must be the guide in determining whether a property agreement incorporated in the decree is a complete settlement of property rights and results in full satisfaction of all claims for support and maintenance. In the Puckett case, *supra,* the court further said (p. 842) : ''The presence of the provision that the monthly payments are for the support and maintenance of plaintiff and the child do[es] not necessarily indicate

alimony rather than a property settlement. The agreement must be taken as a whole. (See *Ettlinger* v. *Ettlinger,* 3 Cal. 2d 172 [44 P.2d 540] ; *Hodgson* v. *Hodgson,* 6 Cal.App.2d 496 [44 P.2d 544] ; *Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P. 2d 868] ; *Moran* v. *Moran,* 3 Cal.2d 342 [44 P.2d 546] ; *Parker* v. *Parker,* 193 Cal. 478 [225 P. 447].)'' From the record in the Puckett case it does not appear that payments of support to the wife were to cease upon the child reaching her majority. It was the intention of the parties that the husband should support the wife following their divorce so long as she should remain unmarried. It was plain that the amount agreed upon was to be paid the wife, and that from such amount she was to support the child. There was no agreement that the husband should support the minor. The seeming difficulty is that in the Puckett case the court said (p. 843) : ''Insofar as the motion was predicated upon the ground that the minor child did not require the amount ordered to be paid for her support, suffice it to say that by reason of the foregoing rules, the amount could not be reduced because it was a part of a property settlement. The only contingency in the agreement contemplating a reduction was the remarriage of plaintiff, in which event the parties were to agree mutually upon an amount for the child's support. In the event of failure so to agree the court could fix the amount. That contingency has not arisen. For the reasons heretofore discussed, the amount payable for the child's support could be changed by the court at any time insofar as the child is concerned, having in mind its welfare. In brief, the payments ordered to be made are not subject to reduction, but they might be increased by the court if the child's welfare requires it, and that without regard to what the liabilities of the parties may be, and their rights *inter se* under the agreement.'' In the Puckett case the trial court impliedly found that the agreement covering payments for the support of the child was in fact a part of the property settlement. In the present case the court found to the contrary.

There are decisions in this state holding that, regardless of a property settlement approved by the court, an order in a decree directing support for a minor child may in some instances be modified to provide for a reduction. (Civ. Code, § 138; 9 Cal.Jur., pp. 803-804, §144; *Henzgen* v. *Henzgen,* 62 Cal.App.2d 214 [144 P.2d 428], decided subsequent to and

which considered the Puckett case, wherein no petition for hearing in the Supreme Court appears.) In *Rosher* v. *Superior Court,* 9 Cal.2d 556 [71 P.2d 918], the court said (p. 560) : "In *Moore* v. *Superior Court,* 203 Cal. 238 [263 P. 1009], it is said : 'The language of section 138 of the Civil Code is read into every decree of divorce which purports to deal with the care, custody and support of the minor children of the parties to the action, and this being so, whatever orders or decrees the trial court may make or enter in the premises are not in the nature of final judgments which determine the relation of the parties to each other, or to the action or to the subject matter over which the court has thus retained all of the jurisdiction which it had during every stage of the proceedings and pendency of such action.' It follows that it cannot be said that any vested right with regard to his duty to support or care for his minor children is acquired by a divorced parent as a result of the divorce decree or custody orders made in connection therewith." (*Meek* v. *Meek,* 51 Cal. App.2d 492 [125 P.2d 117] ; *Wylie* v. *Wylie,* 26 Cal.App.2d 167 [79 P.2d 152] ; *Avila* v. *Leonardo,* 53 Cal.App.2d 602 [128 P.2d 43] ; *Lewis* v. *Lewis,* 174 Cal. 336 [163 P. 42] ; *Adams* v. *Adams,* 2 Cal.App.2d 173 [37 P.2d 729] ; *Ross* v. *Ross,* 1 Cal.2d 368 [35 P.2d 316] ; *Armstrong* v. *Armstrong,* 132 Cal.App. 609 [23 P.2d 50] ; *Hodgson* v. *Hodgson,* 6 Cal. App.2d 496 [44 P.2d 544].)

Irrespective of the facts and of judicial views expressed in some of the cases cited in the last paragraph we accept without reservation the rule stated in the Puckett decision as applicable to the facts of that case to the effect that a decree based upon an unqualified property settlement, made a part of the order of the court, directing payments in installments for an unlimited period may not be modified except in a particular affecting a child's welfare. The amount to be paid may be increased but not reduced.

In the present case the court found that the payments made subsequent to the twelve of $75 each "are for the support of the minor child." Inferentially we conclude the court found that, separate and apart from the property settlement and the portion of the decree ordering an apportionment of property between the parties and an assumption by the husband of indebtedness, the award of $35 a month was for the maintenance of the child and was not a part of the property settlement. If the implied finding herein is substantiated by

the facts, then the specific holding in the Puckett case, as applied to the facts of that case, should not be followed herein. The parties there did not, as they did here, enter into a subsequent written modification of the original agreement wherein they themselves construed the meaning of the disputed provision. For that reason the decision therein is not here controlling.

The original agreement as incorporated into the decree is ambiguous. In *Johnston* v. *Landucci,* 21 Cal.2d 63, 70-71 [130 P. 405, 148 A.L.R. 1355], the court said: "It is, of course, proper when a contractual provision is ambiguous, for the courts to look at the subsequent conduct of the parties to ascertain how they construed the provision in question. The contemporaneous and practical construction of a contract by the parties is strong evidence as to the meaning of equivocal provisions. *(Mitau* v. *Roddan,* 149 Cal. 1 [84 P. 145, 6 L.R.A.N.S. 275]; *Keith* v. *Electrical Engineering Co.,* 136 Cal. 178 [68 P. 598]; *Retsloff* v. *Smith,* 79 Cal.App. 443 [249 P. 886].)" If the provided $35 payment was intended as an agreement for the support of the child it was, under all the authorities, subject to modification. On the other hand, if it was not an agreement for the support of the child but a part of the division of the property of the parties, under the Puckett case it was not subject to modification. If only the original agreement and the decree appeared in the record before us, there might be greater merit in appellant's contention that the clause in question is not an agreement for support but part of the property settlement between the parties, the minority of the child being used as a possible method of designating the period for which the payments should continue. But that is not all that is before us. There were two modifying agreements. The first of these expressly referred to the payment here involved as being for the support of the child. There is no ambiguity in that statement. It constitutes an interpretation of the original agreement by the parties themselves.

The husband and wife herein modified the original agreement and therein specifically stated that the $35 payment was for the support of the child. A third contract by reference to the first and second further modified the obligation by a further reduction in amount. These modifications clearly show the intent of the parties that the $35 payment was not a part of the property settlement but was for the support of the

minor. An .award of alimony maintenance or support distinguished from a property settlement, is subject to modification. *(Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868] ; *Wylie* v. *Wylie, supra; Robertson* v. *Robertson,* 34 Cal.App.2d 113 [93 P.2d 175] ; *Queen* v. *Queen,* 44 Cal.App.2d 475 [112 P.2d 755] ; *Lazar* v. *Superior Court,* 16 Cal.2d 617 [107 P.2d 249].)

The contention of appellant is that the amount of $35 is a payment to the wife and not to the child. Reference to the reduction or the reason therefor, is passed over by her as a fact ''wholly immaterial and beside the point.'' Under such circumstances it is not necessary to further consider this case. There appears in the record a changed condition justifying a modification. (Civ. Code, §§ 137, 138, 139; *Beal* v. *Beal,* 218 Cal. 755 [24 P.2d 768] ; *Marts* v. *Marts,* 15 Cal.App. 2d 224 [59 P.2d 170] ; *Adams* v. *Adams, supra; Moog* v. *Moog,* 203 Cal. 406 [264 P. 490] ; *Miller* v. *Superior Court, supra; Henzgen* v. *Henzgen, supra; McClure* v. *McClure, supra; Leupe* v. *Leupe, supra; Moran* v. *Moran, supra; Ettlinger* v. *Ettlinger, supra; Harlan* v. *Harlan, supra; Rosher* v. *Superior Court, supra.*

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied December 30, 1944.