[Civ. No. 20021.   Second Dist., Div. One.   June 24, 1954.]

BARBARA M. VAN DYKE, Respondent, v. HENRY S. VAN DYKE, JR., Appellant.

Martin & Martin for Appellant.

William K. Young for Respondent.

DRAPEAU, J.—Plaintiff filed her complaint for divorce against defendant on February 15, 1949. On March 7th of that year, they entered into a property settlement agreement. The preamble of that document recites their "desire to make provision for the custody, care and support of their two minor children and to settle the rights and claims of each in and to the community property . . . and separate property" of husband; and rights of inheritance.

By its terms each party released the other "from any and all rights, claims, demands and obligations of every kind and nature for past and future support and maintenance, alimony pendente lite, permanent alimony and from all other rights, claims, demands and obligations of every kind and character arising out of or by virtue of the marital relations of the parties." Plaintiff wife was given custody of the two children, and it was agreed that the community personal property be mutually divided or sold.

Paragraph Sixth of said property settlement reads in part as follows:

"It is understood that in full payment and satisfaction of the interests and rights of the first party (wife) in and to the community property, and in consideration of the assumption by her of the support and maintenance of the two minor children of the parties while in her custody and during the period the income payments hereinafter referred to are received by her, the second party (husband) has heretofore executed and delivered to first party an assignment executed by his mother and sister and himself of certain income from a trust established by E. H. Moulton, together with a further assignment to first party of three-fourths (¾) of the income payable to second party and accruing during his lifetime from the same trust and after March 7, 1949, for the period of the life of first party, except during the period when she may be married, and to a person other than second party; otherwise, and after her death, the same shall be paid to the present children of the parties hereto or the survivor of them . . ."

On the same day, defendant husband assigned to plaintiff wife, three-fourths of his beneficial interest in the Moulton trust.

Thereafter, on April 4, 1949, an interlocutory judgment of divorce was granted to plaintiff in which the custody of the children was awarded to her. That decree confirmed and approved the property settlement "the same having been received in evidence herein marked Exhibit 'A' and made a part hereof by reference." The executory provisions of the agreement were adopted as a part of the decree and the parties instructed and ordered to carry out all of its terms and conditions. In addition, defendant husband was ordered to perform specifically certain of its terms respecting (1) the transmittal of that portion of the trust income assigned by him to plaintiff; (2) completion of the assignment by him to plaintiff of three-fourths of the income payable to him under the Moulton trust; (3) sale or division of the household effects; and (4) execution of a will in favor of the two children.

Final judgment of divorce was filed April 11, 1950. This provided that "wherein said interlocutory judgment makes any provision for the custody and support of children or for the performance by defendant of the acts therein set forth, said provision be and the same is hereby made binding on the parties affected thereby, the same as if herein set forth in full, and that wherein said interlocutory judgment relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof . . ."

Thereafter plaintiff remarried and, pursuant to the property settlement, the three-fourths beneficial interest in the trust became payable to the two minor children.

The instant proceeding was initiated on August 14, 1952, by defendant Henry S. Van Dyke on an order to show cause for modification of child support, i.e., why the payments to said children should not be reduced consistent with changed circumstances.

Both parties submitted written points and authorities in support of their respective contentions.

Upon hearing, the trial court denied the order to show cause *re* modification and referred the case to a court commissioner for findings of fact. In their oral arguments before the commissioner, counsel for appellant stated: "So we ask of this court an opportunity to show by evidence the nature of the property involved, that it was separate property and that it could not be a property settlement agreement for that reason; that the community property has never been divided or settled between these parties . . . and that although drawn to be a property settlement agreement superficially, actually

from the intention of the parties and their property rights at the time, it could not have been anything else but a provision to support the children . . . And the law is clear in the latter instance this is always modifiable on changed circumstances.''

To this the court commissioner replied: ''I think the court is bound to follow the language of the documents in the file that have been recognized by the court previously and have been incorporated in the interlocutory judgment. For two reasons, I am not going to hear any evidence on the modification, and grant the motion of Mr. Young for dismissal: First, that the property settlement agreement appears to be in complete settlement of property rights and not for alimony and support; and second, there is no order in the interlocutory judgment or final judgment for the support of minor children, and I cannot see that there is anything before the court to modify.''

The findings of fact of the commissioner recite that the interlocutory and final judgments of divorce ''are silent as to any amounts to be paid for the support of the minor children, the custody of whom was awarded to the plaintiff and still remains with the plaintiff. No change in circumstances concerning the custody of the minor children. The property settlement agreement, which was incorporated by reference in the interlocutory judgment appears to be in complete settlement of the property rights of the parties and does not contain any provisions for alimony or support. Motion of plaintiff that no evidence be taken and that the Order to Show Cause re Modification be dismissed should be granted because of the above facts.''

From the order dismissing the proceeding, defendant appeals.

Appellant here asserts that a determination of what type of provision (property settlement or child support) is incorporated in the agreement ''depends upon the circumstances surrounding the making of the agreement . . . and it is the failure of the trial court to take the offered proof with respect to such circumstances that is the basis for this appeal.''

In support of his contention, appellant cites *Pearman* v. *Pearman,* 104 Cal.App.2d 250, 253 [231 P.2d 101], where it is stated:

''No single factor can be relied upon in any given case to determine whether monthly payments are in the nature of property or alimony. *The agreement must be taken as a whole*

*and consideration given as to the circumstances under which it was made and the nature and value of the property being divided and its relation to the amount of the periodic payments.* (*Puckett* v. *Puckett*, 21 Cal.2d 833, 841-842 [136 P.2d 1].)'' (Emphasis added.)

However, an examination of the phraseology of the Puckett case reveals that the Supreme Court there stated:

"The essential issue to be determined is whether or not the agreement was a property settlement agreement, and the monthly payments ordered by the decree in effect and essence, a phase of the property settlement rather than merely alimony. It would be better practice to have that determination clearly and concisely made by the trial court when it renders the decree of divorce. Considerable confusion and uncertainty could be avoided in that fashion. The court could examine the agreement, the circumstances under which it was made, and the nature and value of the property as related to its division and the amount of the periodic payments giving consideration to the statutory rules on the subject. *An analysis of the agreement and the divorce decrees* here in question in the light of the principles applicable thereto, leads to the conclusion that the monthly payments ordered were an inseparable part of the property settlement agreement, and therefore they may not be modified." (Emphasis added.) See also *Dexter* v. *Dexter*, 42 Cal.2d 36, 41 [265 P.2d 873].

And in *Hamilton* v. *Hamilton*, 94 Cal.App.2d 293, 297 [210 P.2d 750], where the principal contention was that "the court erred in sustaining respondent's objection to her (appellant's) offer of proof that the support money provided in the agreement was alimony and not made in lieu of a division of the property,"—the court held at page 298:

"When a property settlement agreement is presented for approval in a divorce action and it is not clear whether payments therein provided are part of the division of property or are in the nature of alimony, the court should receive evidence and clearly and concisely make its determination in the decree of divorce. When the decree of divorce approves the agreement and incorporates it as a part of the decree and orders the payment of money as provided in the agreement but does not clearly determine whether such payments are part of the division of property or in the nature of alimony, *then in any subsequent proceeding the question is to be determined from the decree, including the agreement as a part thereof, and the intention of the parties as expressed therein.* Of course, if

the agreement is ambiguous the court should receive extrinsic evidence in aid of its interpretation as in other cases, but the agreement here considered is not ambiguous. If it appears that it was the intention of the parties to definitely, fully, and permanently adjust and settle their property rights, and the provision for support and maintenance constitutes an integral and important element in the amicable adjustment of the property rights of the parties, the court is without power to thereafter modify the decree. (*Adams* v. *Adams,* 29 Cal.2d 621 [177 P.2d 265]; *Puckett* v. *Puckett,* 21 Cal.2d 833 [136 P.2d 1]; *Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868]; *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172, 178 [44 P.2d 540]; *Holloway* v. *Holloway* 79 Cal.App.2d 44, 46 [179 P.2d 22]; *Kohl* v. *Kohl,* 66 Cal.App.2d 535, 541 [152 P.2d 494]; *Rich* v. *Rich,* 44 Cal.App.2d 526 [112 P.2d 780]; *Wallace* v. *Wallace,* 136 Cal.App. 488 [29 P.2d 314]; 3 Cal. Jur. 10-Yr.Supp., Community Property, sec. 155, p. 677; anno.: 166 A.L.R. 675; 109 A.L.R. 1068; 58 A.L.R. 639.)

"In view of what has been said, the court properly sustained objections to the introduction of evidence for the purpose of showing that the payments were alimony and not in lieu of a division of property. (*Holloway* v. *Holloway,* 79 Cal.App.2d 44, 47 [179 P.2d 22].)" (Emphasis added.)

Likewise here. ■ The contract is clear and unambiguous and can be interpreted without the aid of extrinsic evidence. Therefore, the court very properly rejected the evidence offered to explain it.

An examination of the property settlement discloses a comprehensive arrangement for the complete disposition of the property rights of the parties thereto. Custody of the minor children was given to respondent, subject to rights of reasonable visitation in appellant. By the express terms of paragraph "Sixth," hereinbefore quoted, appellant assigned his beneficial interest in the Moulton trust to respondent "In consideration of the assumption by her of the support and maintenance of the two minor children . . . while in her custody and during the period the income payments . . . are received by her." And in the event of respondent's remarriage or death, such assigned income "shall be paid to the present children of the parties hereto or to the survivor of them."

■ The following language in *Puckett* v. *Puckett, supra,* (21 Cal.2d 833, 843), appears particularly pertinent:

"Insofar as the motion was predicated upon the ground

that the minor child did not require the amount ordered to be paid for her support, suffice it to say that by reason of the foregoing rules, the amount could not be reduced because it was a part of a property settlement. The only contingency in the agreement contemplating a reduction was the remarriage of plaintiff, in which event the parties were to agree mutually upon an amount for the child's support. In the event of failure so to agree the court could fix the amount. That contingency has not arisen. For the reasons heretofore discussed, the amount payable for the child's support could be changed by the court at any time insofar as the child is concerned, having in mind its welfare. In brief, the payments ordered to be made are not subject to reduction, but they might be increased by the court if the child's welfare requires it, and that without regard to what the liabilities of the parties may be, and their rights *inter se* under the agreement.''

· The District Court of Appeal in *Streeter* v. *Streeter*, 67 Cal.App.2d 138, 144 [153 P.2d 441], stated as follows:

''Irrespective of the facts and of judicial views expressed in some of the cases cited in the last paragraph we accept without reservation the rule stated in the Puckett decision as applicable to the facts of that case to the effect that a decree based upon an unqualified property settlement, made a part of the order of the court, directing payments in installments for an unlimited period may not be modified except in a particular affecting a child's welfare. The amount to be paid may be increased but not reduced.''

For the reasons stated, the order appealed from is affirmed.

White, P. J., and Doran, J., concurred.