[L. A. No. 24880.   In Bank.   July 17, 1958.]

EVERETT T. PLUMER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARGARET L. PLUMER, Real Party in Interest.

James E. West, Jr., and Steven Edmondson for Petitioner.

No appearance for Respondent.

Hahn, Ross & Saunders and E. Loyd Saunders for Real Party in Interest.

SPENCE, J.—Petitioner seeks annulment of an order of the respondent court vacating the suspension of a sentence for contempt and ordering the sentence "into effect forthwith." Said sentence had been imposed upon petitioner for his failure to make certain payments for the support of his former wife and his child as provided in the spouses' agreement and decree of divorce. He contends that enforcement of his obligations thereunder through contempt proceedings constitutes a violation of the constitutional prohibition against imprisonment for debt. (Cal. Const., art. I, § 15.) Our review of the record leads us to the conclusion that petitioner's contention must be sustained.

On September 22, 1954, petitioner and his then wife entered into an agreement "to effect a final and complete settlement of their respective property rights, support, alimony and custody of their child with reference to their marital status and to each other." The agreement obligated petitioner to pay to his wife $200 a month as alimony and an additional $200 a month for the support of their child until the age of majority. The obligation for alimony payments was to cease upon the wife's "death or remarriage," except that in the case of the wife's remarriage such payments should "be continued until five (5) years from September 25, 1954," though she "may have remarried within said period of time." It was further provided that so long as the wife's earnings or other income did not exceed the monthly average of $250, any increase in her income would not be considered a "changed condition" in connection with any attempt by petitioner to obtain a reduction in the monthly support payments for the wife or child. Each party released the other from all present and future claims and rights to support, separate maintenance, alimony, court costs, attorneys' fees, and all property rights of any kind except as the agreement provided.

On November 1, 1954, an interlocutory decree of divorce was entered, approving the agreement and ordering petitioner to pay the specified sums. On September 28, 1955, after finding that petitioner had the ability to comply, the court adjudged him guilty of contempt in failing to make the payments

as ordered and sentenced him to five days in the county jail. The sentence was ordered suspended on condition that he make the subsequently accruing payments and also an additional payment of $10 a month to apply on the arrearages.

On December 21, 1955, petitioner obtained an order directing the wife to show cause why the payments for support of the wife and child should not be reduced on the ground that his income had materially decreased. At the hearing the wife moved to dismiss on the ground that the support payments had been ordered pursuant to an integrated property settlement agreement and could be reduced only in conformity with the provisions of the agreement relating to modification, and that these did not encompass a decrease in petitioner's income as a basis for modification. The trial court thereafter dismissed the order to show cause. Petitioner appealed, contending that the agreement was not integrated but that even if it was, a material reduction in his income was a ground for modification within the express provisions of the agreement. This court reversed the order dismissing petitioner's application for modification, holding that although the decree was based upon an integrated agreement, the monthly payments specified in the decree were subject to modification by the court since the parties had "expressly so provided" in the agreement. (*Plumer* v. *Plumer*, 48 Cal.2d 820, 825-826 [313 P.2d 549].)

During the pendency of the appeal, petitioner appeared in the trial court several times for the purpose of determining his compliance with the terms of suspension of the contempt order. At the various hearings petitioner produced, over objection, evidence as to his financial circumstances seeking to show that although he was not making the support payments in accordance with the terms of the order of suspension, he was complying to the best of his ability. On May 13, 1957, following the commissioner's findings and recommendations, the court made its order continuing the suspension of sentence. The former wife filed exceptions thereto, primarily premised upon the record of payments, showing that petitioner had failed to comply with the terms of said suspension. The matter was submitted and on June 13, 1957, the court vacated its May 13 order and ordered the contempt sentence "into effect forthwith."

The determinative question is whether the constitutional provision against imprisonment for debt (Cal. Const., art. I, § 15) precludes the use of contempt proceedings to enforce

petitioner's obligations under the divorce decree and property settlement agreement. As above noted, this agreement was held to be "clearly integrated." (*Plumer* v. *Plumer, supra,* 48 Cal.2d 820.) "It deals both with rights to marital property and rights to support. The parties have set forth their purpose 'to effect a final and complete settlement of their . . . rights . . . with reference to their marital status and to each other.' They have released each other from all claims arising out of the marital relationship except as provided in the agreement." (*Ibid.* at p. 825.)

In *Bradley* v. *Superior Court,* 48 Cal.2d 509 [310 P.2d 634], the remedy of contempt was denied where payments to a former wife were deemed "an inseverable part of an integrated adjustment of all property relations of the parties and not . . . a severable provision for alimony." (P. 518.) This court said at page 521: "[W]here the parties bargain with each other and agree that the terms of their contract shall thereupon and thenceforth grant, delimit and exclusively define their respective rights and obligations *inter se,* then it is to the contract alone, and to conventional civil proceedings for the enforcement of contract rights, that they must look for a remedy in the event of breach. Inclusion of such a contract in a judgment of divorce may furnish a basis for subsequent proceedings leading to issuance of a writ of execution but cannot support a commitment to imprisonment for failure to pay the judgment debt." And at page 522, it is declared to be "the better view" that "payments provided in a property settlement agreement which are found to constitute an adjustment of property interests, rather than a severable provision for alimony, should be held to fall within the constitutional proscription against imprisonment for debt. That is, if the obligation sought to be enforced is contractual and negotiated, as distinguished from marital and imposed by law, even though the contract relates to marriage obligations, the remedy must be appropriate to the right asserted. Payments which fall into the category of law-imposed alimony or separate maintenance are based upon the statutory obligation of marital support, may be modified by the court upon a proper showing, ordinarily terminate with the death of either party, and may properly be held not to constitute a 'debt' within the meaning of the constitutional provision."

In the present case, the provision for monthly support payments for both the wife and the child could be reduced by

court order, but only because the parties had "expressly so provided," and therefore any limitations embodied in their agreement constituted limitations upon the court's power to equate the support provisions of the decree with the law-imposed obligations as distinguished from the parties' contractual obligations. (*Plumer* v. *Plumer, supra,* 48 Cal.2d 820, 825.) While the "plain language" of their agreement indicated that "the parties contemplated modification upon an adequate showing of changed circumstances," there was the express limitation to the effect that the court could not consider an increase in the wife's income as "a changed condition" unless her income exceeded "the monthly average of $250." (*Ibid.* at p. 826.) If the provisions of the agreement and decree for monthly payments had been severable provisions for alimony and child support, unencumbered by any such contractual limitation, the court might have considered any change in the wife's income as a changed circumstance. Accordingly, petitioner's obligations, whether as originally agreed upon by the parties or as they might be subsequently modified by court order pursuant to the terms of the parties' agreement, are contractual and negotiated as distinguished from marital and law-imposed, and therefore the enforcement of such payments by contempt proceedings is precluded by the constitutional prohibition against imprisonment for debt.

With respect to the monthly payments for the wife, the parties' express provision for the duration of such payments further shows that such payments represented "the result of a bargain negotiated by [them] in adjustment of their respective interests" in their property settlement rather than the mere recognition of a law-imposed obligation. (*Bradley* v. *Superior Court, supra,* 48 Cal.2d 509, 522.) Thus it appears that the parties' agreement and decree provided for monthly payments for the wife which were to continue for a fixed period of five years regardless of the wife's remarriage at any time within that period. Furthermore, the court could not terminate but could only modify, subject to the contractual limitation, such monthly payments. (*Plumer* v. *Plumer, supra,* 48 Cal.2d 820, 826.) Here again, if the provisions of the agreement and decree for monthly payments for support of the wife had been severable provisions for alimony, the court could not have continued such payments beyond the time of the wife's remarriage and could have terminated such payments at any time upon a proper showing.

■ With reference to child support, there can be no doubt that the law imposes an obligation on a father to furnish such support, and the law-imposed obligation cannot be contracted away by the parents. (*Rosher* v. *Superior Court,* 9 Cal.2d 556, 559-560 [71 P.2d 918].) ■ And where the obligation to pay an agreed amount is made an integral part of a property settlement agreement, the payments ordinarily "are not subject to reduction, but they might be increased by the court if the child's welfare requires it, and that without regard to what the liabilities of the parties may be, and their rights *inter se* under the agreement." (*Puckett* v. *Puckett,* 21 Cal. 2d 833, 843 [136 P.2d 1].) These rules merely recognize the court's power to provide adequate support for the protection of the interests of the child. (*Van Dyke* v. *Van Dyke,* 126 Cal.App.2d 238, 244 [271 P.2d 910] ; *Streeter* v. *Streeter,* 67 Cal.App.2d 138, 144 [153 P.2d 441].) ■ While in the present case, the child support obligation could have been reduced by virtue of the agreement of the parties, the above-mentioned contractual limitation upon the court's power to make any such reduction clearly stamps the obligation for such child support payments as a contractual obligation rather than a law-imposed obligation.

We therefore conclude that under the circumstances before us, none of petitioner's contractual obligations can be enforced by contempt proceedings in view of the constitutional prohibition against imprisonment for debt. (*Bradley* v. *Superior Court, supra,* 48 Cal.2d 509, 522.) The foregoing conclusion makes it unnecessary to consider the propriety of the court's order reinstating the contempt sentence in the absence of a concurrent finding of petitioner's then ability to comply with the terms of payment.

The order dated September 28, 1955, adjudging petitioner in contempt, and the order dated June 13, 1957, vacating the suspension of sentence thereon, are annulled.

Gibson, C. J., Shenk, J., Schauer, J., and McComb, J., concurred.

CARTER, J.—I concur in the conclusion reached in the majority opinion annulling the orders which adjudge petitioner in contempt of court for his failure to pay amounts provided for in an integrated property settlement agreement. It will be recalled that when this case was previously before this court (*Plumer* v. *Plumer,* 48 Cal.2d 820 [313 P.2d 549])

I pointed out in my dissenting opinion (p. 826 et seq.) that the agreement in question was clearly an integrated property settlement agreement and not subject to modification except as provided in said agreement and that since the only condition upon which said agreement could be modified had not occurred, the trial court was justified in dismissing defendant's application for modification of said agreement. It seems to me to be clearly inconsistent for this court to hold, as it did in its prior decision (48 Cal.2d 820) that a property settlement agreement is subject to modification with respect to payments to the wife, and yet the trial court has no power to enforce such modified payments in a contempt proceeding. This is the effect of the two decisions of this court involving the property settlement agreement which is the subject of this action. In other words, it was held by the majority in its former decision (48 Cal.2d 820) that the property settlement agreement here involved was subject to modification upon a showing of changed conditions. Such holding led to the inevitable conclusion that the payments constituted payments for support and maintenance which the trial court had the power to exact from the husband and likewise had the power to force him to make such payments by resort to the extraordinary power of contempt. To now hold that the payments were subject to modification and that the court has no power to enforce the same by a contempt proceeding, is, in my opinion, in direct conflict with the former holding of this court (48 Cal.2d 820). If, however, the payments constituted an integral part of an integrated property settlement agreement, they clearly fell within the rule announced by this court in *Bradley* v. *Superior Court,* 48 Cal.2d 509 [310 P.2d 634], and could not be enforced by a contempt proceeding. There seems to be no end to the intricacies which have emerged from the unsound pronouncements of this court during the past four years since the majority of this court has undertaken the extrajudicial function of rewriting property settlement agreements (*Dexter* v. *Dexter,* 42 Cal.2d 36 [265 P.2d 873] ; *Fox* v. *Fox,* 42 Cal.2d 49 [265 P.2d 881] ; *Flynn* v. *Flynn,* 42 Cal.2d 55 [265 P.2d 865] ; *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988] ; *Anderson* v. *Mart,* 47 Cal.2d 274 [303 P.2d 539] ; *Herda* v. *Herda,* 48 Cal.2d 228 [308 P.2d 705] ; *Plumer* v. *Plumer,* 48 Cal.2d 820 [313 P.2d 549]).

TRAYNOR, J.—I dissent.

My views with respect to the enforcement of integrated bargains by contempt proceedings are set forth in a dissenting

opinion in *Bradley* v. *Superior Court,* 48 Cal.2d 509, 523 [310 P.2d 634]. Although these views remain unchanged, I would concur in the judgment herein under the compulsion of that case if it necessarily controlled the present one.

The present case, however, differs from the Bradley case in that plaintiff has not remarried and the payments are partly for child support. Accordingly, the payments are partly in lieu of the statutory obligation to support. In integrated bargains the monthly payments will ordinarily have a dual character. "To the extent that they are designed to discharge the obligation of support and maintenance they will ordinarily reflect the characteristics of that obligation and thus have the indicia of alimony. [Citations.] On the other hand, to the extent that they represent a division of the community property itself, or constitute an inseparable part of the consideration for the property settlement, they are not alimony, and accordingly cannot be modified without changing the terms of the property settlement agreement of the parties." (*Dexter* v. *Dexter,* 42 Cal.2d 36, 41-42 [265 P.2d 873].) So long as the wife has not remarried or there is a continuing obligation of child support, the characteristics of the obligation to support remain and alone justify enforcement by contempt. Such a rule is implicit in *Miller* v. *Superior Court,* 9 Cal.2d 733, 740 [72 P.2d 868], where the court took care to point out that the payments were ordered pursuant to a property settlement and could not be changed without the consent of the parties. Although the majority rejected this reasoning in the Bradley case, it had only to decide in that case whether contempt would lie to enforce an integrated bargain after the wife had remarried and the characteristics of the support and maintenance obligation were no longer present.

A rule that the wife's right to enforce the agreement by contempt terminates only on her remarriage would permit the parties to make a final settlement of all their marital rights without compelling the wife to give up contempt enforcement while she is still dependent on her former husband for support. So long as the Bradley decision remains law, I would adopt such a rule instead of following the Bradley rationale to its logical extreme.