[Civ. No. 24418.   Second Dist., Div. Two.   June 16, 1960.]

GERALDINE TOBIN, Appellant, v. EDWARD TOBIN, Respondent.

Boltwood E. Dodson and Joseph W. Pierce for Appellant.

Benjamin Held for Respondent.

ASHBURN, J.—Plaintiff appeals from an order denying her petition for appointment of a receiver with power to collect future salary and earnings of defendant and to apportion such sums between the parties until further order of court. An interlocutory decree of divorce, granted to plaintiff on May 13, 1953, incorporates an integrated property settlement agreement and pursuant to its terms orders defendant to pay to plaintiff "for the support and maintenance of plaintiff the sum of $25.00 per week, payable on Monday of each week commencing Monday, May 11, 1953, and on Monday of each week thereafter until said plaintiff remarries." There was also a provision for the support of a minor child, but the child having married the court terminated by order of October 2, 1956, the requirement for such payments for child support. At the same time the defendant sought to have support payments to the plaintiff modified, and such relief was denied by said order of October 2, 1956, which declares that "the requirement for the payment of support to plaintiff was part of an integrated order, and not subject to modification."

Appellant made a showing of futile efforts to collect the payments due her, garnishment process having proved fruitless, though defendant's salary and commissions as an automobile salesman average $1,000 per month; she also made a persuasive showing of urgent need of assistance such as could be afforded through the appointment of a receiver. Defendant made no counter showing whatever. No payments were made by defendant after September 9, 1957; the sum of $743.30 was realized through execution upon real property; the amount of arrearages at the time of making the motion was $3,614.20.

The trial court disposed of the motion by minute order containing the following: "The Court finds that the order of October 2, 1956, determining payments of $25 a week to plaintiff were an integrated part of the property settlement agree-

ment and not alimony is res judicata on that issue. The Court finds the present arrearage under the Interlocutory Judgment is a contractual debt and not alimony and Section 140 of the Civil Code does not apply. Plaintiff's motion for appointment of a receiver is denied.''

Counsel have presented the matter as one involving an integrated property settlement agreement[1] duly incorporated, by reference or otherwise, in the interlocutory judgment. Respondent's brief says: ''Appellant and Respondent both concede that the agreement was an integrated agreement and there is no issue on this point as such. . . . Thus the court held plaintiff was not entitled to a receiver because the amount sued on was a contractual debt and therefore an appointment of a receiver was not available to her.'' Again: ''Respondent's brief will be solely limited to the question of whether an integrated property settlement agreement would be within the purview of *Sections 139 and 140*. If the answer be in the negative, then the trial court acted correctly and no receiver should be appointed.'' This does not differ from appellant's approach. Her counsel says that ''the payments although ordered by the court are based on an integrated property settlement agreement.'' We accept this as the correct factual basis for our decision, the record being somewhat vague in this respect.

Counsel for both sides also argue the matter upon the assumption that the rules governing enforcement by contempt proceedings are fully applicable here. This is a fundamental misconception.

Section 139, Civil Code, as it stood at the time of the instant ruling, read: ''In any interlocutory or final decree of divorce or in any final judgment or decree in an action for separate maintenance, the court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties, and also to make suitable allowance for the support, maintenance and education of the children of said

---

[1] ''An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties.'' (*Plumer* v. *Plumer*, 48 Cal.2d 820, 824 [313 P.2d 549].)

marriage during their minority, and *said decree or judgment may be enforced by the court by execution or by such order or orders as in its discretion it may from time to time deem necessary. . . .''* (Emphasis added.) Section 140, Civil Code: ''The court may require any person required to make any payments under the provisions of this article to give reasonable security therefor and *may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case.''* (Emphasis added.) Under these statutes the doctrine has developed that incorporation of a property settlement agreement in a decree merges it into the judgment and precludes independent procedures for enforcement; any action or auxiliary remedy must be predicated on the judgment.

In *Hough* v. *Hough*, 26 Cal.2d 605 [160 P.2d 15], it was held that an independent action would not lie for enforcement of a property settlement agreement which had been incorporated in a divorce decree. At page 609: ''Turning first to the relation between the separation agreement and the divorce decree, it appears to be well settled, that if the agreement is presented to the court in the divorce proceeding for adjudication, and the agreement, or a part thereof, is incorporated in the decree and made a part thereof, the part so incorporated is merged in the decree.'' At page 610: ''When it is incorporated in and made an operative part of the decree, there is no longer any occasion for its independent existence. Additional rights have been thereby gained by the one to whom the payments are to be made. The judgment is enforceable in the customary manner and also by contempt proceedings in a proper case.'' Though that opinion has been qualified with respect to the phrase ''and also by contempt proceedings in a proper case,'' where the agreement incorporated in the judgment is an ''integrated agreement,'' the declared principle of merger stands unmodified. (See *Foust* v. *Foust*, 47 Cal.2d 121, 123 [302 P.2d 11]; *Arthur* v. *Arthur*, 147 Cal.App.2d 252, 258 [305 P.2d 171]; *Lubin* v. *Lubin*, 144 Cal.App.2d 781, 788 [302 P.2d 49].)

The cases holding that such an incorporated property settlement agreement cannot be enforced by contempt (e.g., *Bradley* v. *Superior Court*, 48 Cal.2d 509, 521 [310 P.2d 634]; *Plumer* v. *Superior Court*, 50 Cal.2d 631, 635 [328 P.2d 193]) recognize that ordinary procedures for enforcement of a money judgment remain applicable, contempt alone being ruled out. If that were not true the wife who enters into such an arrangement must be sent from court empty-handed. The decisions

never contemplated any such inequitable result. (*Cf. Lubin* v. *Lubin, supra,* 144 Cal.App.2d 781, 789.)

The Bradley case, *supra,* says at page 519: "Neither the court nor the Legislature may impair the obligation of a valid contract (Cal. Const., art. I, §§ 1, 16) and a court cannot lawfully disregard the provisions of such contracts or deny to either party his rights thereunder." At page 521: "But where the parties bargain with each other and agree that the terms of their contract shall thereupon and thenceforth grant, delimit and exclusively define their respective rights and obligations *inter se,* then it is to the contract alone, and to conventional civil proceedings for the enforcement of contract rights, that they must look for a remedy in the event of breach. Inclusion of such a contract in a judgment of divorce may furnish a *basis for subsequent proceedings leading to issuance of a writ of execution* but cannot support a commitment to imprisonment for failure to pay the judgment debt." (Emphasis added.) This language was quoted with approval in *Plumer* v. *Superior Court, supra,* 50 Cal.2d 631, 635. The recent decision in *Hull* v. *Superior Court,* 54 Cal.2d 139 [5 Cal.Rptr. 1, 352 P.2d 161], recognizes this rule, saying at page 148: "Thomas and Geraldine entered into a negotiated contract. If that contract has been breached, normal contract remedies are available."

The Bradley case, *supra,* was followed by *Lane* v. *Bradley,* 171 Cal.App.2d 27 [339 P.2d 583], which arose upon denial of motion to quash a writ of execution. The court adverted to the fact that the agreement was an integrated one which had been incorporated in the decree, referring to the language above quoted from 48 Cal.2d 521, and said at page 31: "And in *Bradley* v. *Superior Court, supra,* 48 Cal.2d at page 521, the Supreme Court said of this very judgment: 'Inclusion of such a contract in a judgment of divorce may furnish a basis for subsequent proceedings leading to issuance of a writ of execution. . . .' " The order was reversed on other grounds.

*Foust* v. *Foust, supra,* 47 Cal.2d 121, reversed an order quashing an execution and restraining the sheriff from selling certain property. The settlement agreement had been incorporated in such manner as to "make the conclusion inescapable that merger was intended, thereby substituting rights and duties under the decree for those under the agreement." (P. 123.) The court further said: "When an agreement has been incorporated into a decree, it is as effectively a part thereof as if recited therein *in haec verba.* It is of no conse-

quence here that the agreement was complete in itself, for it lost its identity in the decree. It is now the decree that declares the rights and obligations of the parties, for it 'ordered and adjudged . . . that the properties and property rights of [the parties] are adjusted, settled and distributed as per the . . . agreement . . . and which is hereby approved by the court and by this reference embodied in and made a part of this judgment.'

"Nor is the decree lacking in *potency to support the execution process* because the precise terms of plaintiff's monetary obligations do not appear on its face. Execution has been defined as 'a process in an action to carry into effect the directions in a decree or judgment.' [Citation.] It has been allowed in enforcement of the provisions of settlement agreements where compliance was ordered by the decree." (Emphasis added.) (Pp. 123-124.)

▆ True, the issuance of an execution often presents a question of judicial discretion (*Messenger* v. *Messenger,* 46 Cal.2d 619, 630 [297 P.2d 988]), and appointment of a receiver in aid of execution falls within the same category, but there was no discretion exercised in the case before us. The court ruled section 140, Civil Code, which expressly authorizes a receivership, to be inapplicable and in legal effect declined to exercise existing jurisdiction. (*Cf. In re Brumback,* 46 Cal.2d 810, 813 [299 P.2d 217].)

Arguments presented by counsel as to the effect of 1959 amendments to section 139, Civil Code, are beside the point; section 140 was not amended. The order at bar was made before the 1959 amendments became effective. Moreover, they relate primarily to the power to modify support provisions of a decree in which an integrated agreement has been incorporated; they carry forward the provisions for writ of execution and receivership as existing prior to the amendment to section 139.[2]

---

[2]Section 139, as amended in 1959, and so far as here material, reads: "In any interlocutory or final decree of divorce or in any final judgment or decree in an action for separate maintenance, the court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties and also to make suitable allowance for the support, maintenance and education of the children of said marriage during their minority, specifying in such judgment or decree the name, age and amount of support for each child, and said decree or judgment may be enforced by the court by execution or by such order or orders as in its discretion it may from time to time deem necessary. . . ."

The order of August 26, 1959, denying motion for order for appointment of receiver is reversed and the cause remanded to the lower court for further proceedings not inconsistent with the views herein expressed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.