[Civ. No. 26922. Second Dist., Div. Two. July 26, 1963.]

JEANNE McREYNOLDS, Plaintiff and Appellant, v. R. C. McREYNOLDS, Defendant and Respondent.

Newell & Chester and Robert M. Newell for Plaintiff and Appellant.

Frank H. Whittemore for Defendant and Respondent.

HERNDON, J.—Plaintiff wife appeals from an order denying her application for modification of the provisions of the interlocutory and final judgments of divorce relating to the payments required of defendant for the support of the minor son of the parties, who was born on September 13, 1945. Appellant also complains of that portion of the order which, although it denies the husband's request for a change in that portion of the judgment awarding custody of the child to appellant, requires appellant to provide the child with certain psychotherapy treatments without any specific provision as to which of the parties is to bear the cost thereof.

 Appellant was granted an interlocutory judgment of divorce on August 1, 1949, and a final judgment of divorce on November 1, 1950. Although appellant was given custody of the minor child, neither judgment makes any provision for support payments either for appellant or for said child. The interlocutory judgment provides that "the Separation Agreement between the parties dated June 30, 1949, is ordered to be filed as plaintiff's Exhibit '1,'" but the terms and conditions thereof are neither approved, ordered complied with, nor even referred to, in the judgment.

Therefore, under established California law, regardless of whether or not the separation agreement be deemed "integrated," the court, having made no provision for alimony payments in either of said judgments, is now wholly without power to order any such payments. (*Dexter* v. *Dexter*, 42 Cal.2d 36, 42 [265 P.2d 873]; *Puckett* v. *Puckett*, 21 Cal. 2d 833, 841 [136 P.2d 1]; *Harlan* v. *Harlan*, 154 Cal. 341, 348 [98 P. 32]; *McClure* v. *McClure*, 4 Cal.2d 356, 359 [49 P.2d 584, 100 A.L.R. 1257]; *Tolle* v. *Superior Court*, 10 Cal.2d 95, 97 [73 P.2d 607].)

 This rule, however, does not apply to the obligation of the father to support his minor child. The court has the inherent power to make appropriate orders in this regard notwithstanding the silence of the interlocutory and final judgments of divorce on the subject. (*Krog* v. *Krog*, 32 Cal.2d 812, 817 [198 P.2d 510]; *Puckett* v. *Puckett, supra,* p. 841; *Lewis* v. *Lewis*, 174 Cal. 336, 338 [163 P. 42].) Contractual arrangements between the parties regarding their respective obligations to support their minor children are not

binding upon the child or the court. (*Plumer* v. *Superior Court,* 50 Cal.2d 631, 637 [328 P.2d 193]; *Young* v. *Superior Court,* 105 Cal.App.2d 65, 68 [233 P.2d 39]; *Rosher* v. *Superior Court,* 9 Cal.2d 556, 559-560 [71 P.2d 918]; but may be binding upon the parties, *inter se, Van Dyke* v. *Van Dyke,* 126 Cal.App.2d 238, 244 [271 P.2d 910]; *Hunter* v. *Hunter,* 170 Cal.App.2d 576, 583 [339 P.2d 247].)

The separation agreement entered into between the parties in the instant action provides in part: "This agreement is made with reference to the following facts: . . . It is the mutual desire of the parties to effect a final and complete settlement of their respective property rights, as such rights relate to each other and to their marital status, and, as well, a complete settlement of their respective rights to support and maintenance. Certain community property is owned by the parties and, notwithstanding anything hereafter to the contrary, the wife, upon advice of counsel, intends to waive her rights therein except as otherwise herein specifically provided, *in consideration of the transfer to her of the property which is to be transferred to her by the specific provisions hereof and the money payments to be made to her by the husband as herein provided.* . . .

"In consideration of the foregoing facts and the promises hereinafter contained on the part of the respective parties hereto, it is agreed: . . . *It is further here asserted that the money or property to be hereafter transferred to the wife, pursuant to this agreement will be so transferred to her with the understanding that out of said money or property she shall provide for and maintain to the extent that such support is required in addition to that supplied by the payments made for said child under the provisions of paragraph 7 hereof.* (Italics added.)

"Each of the parties, in consideration of the agreements herein of the other party, hereby waives, releases and relinquishes to the other all claims or other rights he or she may now have or might hereafter otherwise acquire against the other, which arise or might arise out of the marital relationship . . .

"Each party expressly waives and relinquishes forever any right to support in any amount from the other, except as herein particularly provided, . . .

". . . At any time when the husband is not making payments as aforesaid upon said existing bank indebtedness and/or said existing income tax obligations, the husband

agrees to pay to the wife for her use and benefit for and during her life or until she remarries, a sum equal to twenty per cent (20%) of his annual gross income, and, in addition, the husband agrees to pay to the wife an amount equal to ten per cent (10%) of the husband's annual gross income for the maintenance of said minor child, herein sometimes referred to in the aggregate as the '30%.' The payments to be made as herein provided for the maintenance of the said child shall continue until the death of the husband. . . .[1]

''In no event shall any monthly payment in connection with said '30%' be less than Two Hundred Fifty Dollars ($250.00) per month, provided, however, that the payments of the said '30%' as herein contemplated shall in no event exceed the sum of Fifty-Four Hundred Dollars ($5400.00) per annum. No monthly payment shall exceed the sum of Four Hundred Fifty Dollars ($450.00) per month, except in connection with the annual adjustment to be made prior to January 30th of each year. If the wife remarry or die, the 10% herein provided to be paid to, or for the benefit of, the child of the parties, shall in no event exceed the sum of One Hundred Fifty Dollars ($150.00) per month, nor shall any such monthly payment be less than Eighty-Five Dollars ($85.00) per month. The payments contemplated by this paragraph shall be made monthly on the first of each and every month commencing as of the date of the execution of this agreement. . . .''

Therefore, the sole problem presented to the trial court was whether, under the terms of this property settlement agreement, the wife was entitled to have the interlocutory and final judgments of divorce so modified as to compel respondent to pay appellant a larger aggregate amount than $450 per month without any showing whatsoever that the needs of the child exceeded said sum. ▪ Under the settled rules above set forth, the court could modify the judgments to require additional payments for child support, and could require a payment for this purpose exceeding the amount agreed upon between the parties if the needs of the child so required.

▪ But, in the instant case, appellant's agreement to use her share of the payments received from the husband to meet the needs of the child, makes it necessary for her to make some showing that the total of these payments is inadequate to meet these needs.

---

[1] The foregoing paragraph and the following quotations from the agreement constitute the relevant portions of paragraph 7 thereof.

Appellant's application for modification was submitted upon her affidavit that the needs of the child totalled approximately $370 per month, excluding an unspecified amount for the cost of psychotherapy, and there was a stipulation that the contents of the affidavit might be deemed to be her testimony in support of her motion. In the light of the record before it, and the nature of appellant's motion, the determination made by the trial court was correct.

Appellant never has attacked the agreement upon the ground that it is inequitable, nor has she alleged that it was obtained by any improper means.[2] She makes no such attack upon it in this proceeding. By failing to seek alimony in her original action, wherein she submitted the agreement as an exhibit, and in accepting the benefits of its terms for many years, appellant may not now ask the court, in effect, to allow her to continue receiving the money payments provided for in the agreement but free her from her commitment to apply them to the needs of the minor child if necessary. (*Smith v. Smith*, 40 Cal.2d 461, 464 [254 P.2d 1]; *Adams* v. *Adams*, 29 Cal.2d 621, 625 [177 P.2d 265].)

 Since the separation agreement was neither incorporated in the judgment nor approved by the court, it does not have the same status as one that has become a part of the judgment of divorce. The court could not in any way modify its provisions, and it is immaterial whether it be classified as "integrated" or "nonintegrated." So far as the spouses are concerned it binds them individually (*Hunter* v. *Hunter, supra,* 170 Cal.App.2d 576, 583; *Allen* v. *Allen,* 138 Cal.App.2d 706, 708-709 [292 P.2d 581]), but it does not affect either the right of the child to support or

[2]The record before us does reveal, however, that on November 19, 1956, several years prior to the receipt by respondent of the substantial inheritance that appellant has set forth in the present proceedings as a changed circumstance supporting her requested increase in the monthly payments, respondent sought a modification to have these same payments reduced. Appellant successfully urged in opposition thereto the very contentions she would now deny. The order filed in this earlier proceeding was prepared by appellant's counsel and provided: "The Court finds that the Separation Agreement of the parties entered into as of June 30, 1949, *was an integrated agreement and that said Separation Agreement was not merged into the interlocutory decree of divorce between the parties* and that defendant has ample funds to continue the child support payments as heretofore provided, and that plaintiff has insufficient funds to pay court costs and attorney's fees. The Court *concludes that it is without jurisdiction to modify the said Separation Agreement or the Decree of Divorce between the parties,* now therefore, it is ordered and decreed that: A. Defendant's Motion for Modification of Alimony and Child Support is denied. . . ."

the inherent power of the court to make appropriate orders to provide the child with his needs from time to time. (*Plumer* v. *Superior Court, supra,* 50 Cal.2d 631, 637; *Van Dyke* v. *Van Dyke, supra,* 126 Cal.App.2d 238, 243-244). ▮▮▮ Such orders stem not from the agreement, but from the court's inherent power. (*Krog* v. *Krog, supra,* 32 Cal.2d 812, 817.)

Our decision in *Hawkins* v. *McLaughlin,* 196 Cal.App.2d 318 [16 Cal.Rptr. 572] is pertinent. There, as here, the appeal dealt with a property settlement agreement which had not become a part of the court decree. The specific question was whether a provision for payment of alimony "until death or remarriage of second party [the wife]" terminated with her death; the governing principles were the same as those applicable here.

At page 324 we said: "The instant agreement was one executed pursuant to Civil Code, sections 158 and 159, and does not require the approval of a divorce court to render it effective." And at pages 322 and 323: "[T]he terms of neither the interlocutory decree nor the final decree of divorce are disclosed by the pleadings, and there is no indication or contention that the agreement was incorporated in any manner in the decree, or that there was a decree ordering support payments. Plaintiff's action is based solely upon the property settlement agreement. . . .

"We deem it unnecessary to determine whether the agreement is an integrated one. The case of *Anthony* v. *Anthony,* 94 Cal.App.2d 507 [211 P.2d 331], is controlling. It arose upon a factual situation closely parallel to that presented at bar. The appellant-administratrix therein contended that the periodic payments provided for in the agreement were intended by the parties to be in the nature of alimony and not as a division of property and therefore terminated on the death of decedent. The court states, pages 510-511: 'All of the cases cited by appellant in support of her contention are cases in which the divorce decree referred to a property settlement agreement or to a stipulation by the parties as to property division and alimony or the divorce decree alone made such provision. Inasmuch as the present action is confined to the contract alone, cases other than those involving in essence modification of divorce decrees must be considered.' "

▮▮▮ It was necessary for appellant, in order to prevail upon her motion, to show that the sums provided by the defendant for her and the child could not provide in the

aggregate for the needs of the child. This is true because she is so limited by the terms of her agreement. She cannot prevail unless or until she has shown that the 10 per cent payable for the boy plus the 20 per cent payable to the wife, or 30 per cent of the husband's gross income, was not enough to supply the boy with the necessaries of life. This appellant did not do.

During oral argument counsel for appellant urged this court to rule that it is contrary to public policy for a wife to enter into such an agreement even though she was represented by able counsel and was fully advised in the premises. This we cannot do. Since a wife may waive her right to alimony *entirely*, certainly she may make a valid agreement (in this case after extended negotiations and with full knowledge of all relevant facts) permitting her to use *for her own support* only those sums paid to her by her husband that are not required for the support of their minor child.

The secondary aspect of this appeal relates to the order that the child should receive psychotherapy. Actually this provision of the order appears to have been sought by appellant as part of her opposition to respondent's application for a modification of the custody order. In any event, it appears to have been a proper exercise of the discretion granted the court by section 138 of the Civil Code. (Cf. *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655-656 [323 P.2d 188].) Moreover, since appellant has not presented any arguments in her brief in support of this aspect of her appeal, it may be deemed abandoned. (*People* v. *Scott,* 24 Cal. 2d 774, 783 [151 P.2d 517].)

The order under review is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1963.